ORIGINAL
FILED

08 JUL 15 PM 1:45

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

1   Matthew C. Helland, CA State Bar No. 250451
    NICHOLS KASTER & ANDERSON, LLP
2   One Embarcadero Center, Suite 720
    San Francisco, CA 94111
3   Telephone: 415-277-7235
    Facsimile: 415-277-7238
4   helland@nka.com

5   NICHOLS KASTER & ANDERSON, LLP
    Paul J. Lukas, MN State Bar No. 22084X
6   Lukas@nka.com
    (*pro hac vice* application forthcoming)
7   Michele R. Fisher, MN Bar No. 303069
    (*pro hac vice* application forthcoming)
8   David C. Zoeller, MN State Bar No. 0387885
    Zoeller@nka.com
9   (*pro hac vice* application forthcoming)
    4600 IDS Center
10  80 South 8th Street
    Minneapolis, MN 55402
11  Telephone:  (612) 256-3200
    Facsimile:  (612) 215-6870
12

RMW

13  Attorneys for Individual and Representative Plaintiffs

14

C08    03404

15          IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA

PVT

16

17  Santiago Hernandez, Jason Campbell,    | **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**
18  Lisa Bennett, Michael Byrd, Kenneth

| | |
|---|---|
| Santiago Hernandez, Jason Campbell, Lisa Bennett, Michael Byrd, Kenneth Williams, and Christal Delay, individually, on behalf of all others similarly situated, and on behalf of the general public | **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** |
| | **(1)    Failure to Pay Overtime Compensation In Violation of the Fair Labor Standards Act (29 U.S.C. Section 201, _et seq._)** |
| Plaintiffs, | **(2)    Failure to Pay Overtime Compensation in Violation of California Law (California Labor Code Sections 510, 1194 and 1198, and IWC Wage Order(s))** |
| vs. | **(3)    Waiting Time Penalties (California Labor Code Sections 201-203)** |
| United Auto Credit Corporation, and DOES 1-50, inclusive, | **(4)    Failure to Provide Itemized Wage Statements (California Labor Code Section 226)** |
| Defendants. | **(5)    Failure to Provide and/or Authorize Meal and Rest Periods (California Labor Code Section 226.7)** |
| | **(6)    Violation of California Business** |

COLLECTIVE AND CLASS ACTION COMPLAINT

1  and Professions Code Sections 17200 et
   seq.
2     **DEMAND FOR JURY TRIAL**

3

4              **PRELIMINARY STATEMENT**

5       1.      This is a collective and class action brought by Individual and Representative

6  Plaintiffs Santiago Hernandez, Jason Campbell, Lisa Bennett, Michael Byrd, Kenneth Williams,

7  and Christal Delay, on their own behalf and on behalf of the proposed class.  Plaintiffs and the

8  putative class members were or are employed by Defendant United Auto Credit Corporation, and

9  certain Doe Defendants, or their predecessors-in-interest, as "Assistant Managers," "Collections

10 Supervisors," and "Senior Collectors," and were denied overtime compensation as required by

11 state and federal wage and hour laws.  These employees are similarly situated under the Federal

12 Rules of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

13      2.      The Collective Class is made up of all persons who are or have been employed by

14 Defendant as "Assistant Managers," "Collections Supervisors," and "Senior Collectors," at any

15 time within three years prior to this action's filing date through the date of final disposition of this

16 action (the "Collective Class Period").

17      3.      The Class is made up of all persons who are or have been employed by Defendant

18 as "Assistant Managers," "Collections Supervisors," and "Senior Collectors," within the State of

19 California within the four years of filing this Complaint ("the Class Period").

20      4.      During the Collective Class Period and the Class Period, Defendant failed to pay

21 overtime compensation to each member of the Class as required by state and federal law.

22 Plaintiffs seeks relief for the Class under California wage and hour law, and Collective Class

23 under the Fair Labor Standards Act, to remedy the Defendant's failure to pay all wages due, pay

24 appropriate overtime compensation, to provide meal and rest periods, to pay waiting penalties,

25 maintain accurate time records, in addition to injunctive relief.

26

27

28

                                   2

## THE PARTIES

5. Individual and representative plaintiff Santiago Hernandez is an individual residing in San Jose, California (Santa Clara County). He was employed by Defendant from June 2005 to April 2006 as a Senior Collector in Defendant's San Jose, California (Santa Clara County) office.

6. Individual and representative Plaintiff Jason Campbell is an individual residing in Menifee, California (Riverside County). He was employed by Defendant from approximately July 2007 to May 2008 as an Assistant Manager in Defendant's Redlands, California (San Bernardino County) office.

7. Individual and representative Plaintiff Lisa Bennett is an individual residing in Moreno Valley, California (Riverside County). She was employed from approximately April 2006 to February 2008 as a Customer Service Supervisor, Account Representative and Collections Supervisor in Riverside, California (Riverside County).

8. Individual and representative Plaintiff Kenneth Williams is an individual residing in Randallstown, Maryland. He was employed by Defendant from approximately December 2004 to March 2006 as an Assistant Manager in Defendant's Hanover, Maryland office.

9. Individual and representative Plaintiff Michael Byrd is an individual residing in Malden, Massachusetts. He was employed by Defendant from approximately June 2006 to March 2008 as a Senior Collector in Defendant's Marlboro, Massachusetts office.

10. Individual and representative Plaintiff Christal Delay is an individual residing in Olathe, Kansas. She was employed by Defendant from approximately January 2002 to May 2008 as a Customer Service Representative, Customer Service Supervisor, Assistant Manager and Branch Manager in Defendant's Overland Park, Kansas and Gladstone, Missouri offices.

11. Upon information and belief, Defendant United Auto Credit Corporation is a California corporation doing business in and maintaining branches in several states across the United States, including California.

12. Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are

3

1   ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities

2   herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named

3   defendants is responsible in some manner for the occurrences herein alleged, and that the

4   damages of Plaintiffs and the putative class members herein alleged were proximately caused by

5   such Defendants.

6       13.    Plaintiffs are informed, believe, and thereon allege that each of the Defendants

7   herein was, at all times relevant to this action, the agent, employee, representing partner, and/or

8   joint venturer of the remaining Defendants and was acting within the course and scope of the

9   relationship. Plaintiffs are further informed, believe, and thereon allege that each of the

10  Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining

11  Defendants.

12                          **JURISDICTION AND VENUE**

13      14.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this

14  case is being brought under the FLSA, 29 U.S.C. § 207 *et seq.* The representative Plaintiffs have

15  each signed a consent form to join this lawsuit, a copy of which are attached as Exhibit A. This

16  Court also has supplemental jurisdiction over the California state law claims pursuant to 28

17  U.S.C. § 1367.

18      15.    Venue is proper in the United States District Court, Northern District of California

19  pursuant to 28 U.S.C. § 1391, because Defendant United Auto Credit Corporation resides in this

20  district and because a substantial part of the events giving rise to the claims occurred in this

21  district.

22                      **COLLECTIVE ACTION ALLEGATIONS**

23      16.    Plaintiffs bring this action on behalf of themselves and other similarly situated

24  employees as authorized under FLSA § 16(b), 29 U.S.C. § 216(b). The employees similarly

25  situated are:

26  **Collective Class:**    All persons who are or have been employed by Defendant United

27                          Auto Credit Corporation as "Assistant Managers," "Collections

28                          Supervisors," and/or "Senior Collectors," at any time three years

4

1    prior to the filing of this Complaint, to the final disposition of this

2    case.

3        17.    Upon information and belief, Defendants suffered and permitted Plaintiffs and the

4    Collective Class to work more than forty hours per week without overtime compensation.

5        18.    Defendants' unlawful conduct has been widespread, repeated and consistent.

6        19.    Upon information and belief, Defendants knew that Plaintiffs and the Collective

7    Class, performed work that required overtime pay. Defendants have operated under a scheme to

8    deprive these employees of overtime compensation by failing to properly compensate them for all

9    hours worked.

10        20.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith,

11    and has caused significant damages to Plaintiff, and the Class and Collective Class.

12        21.    Defendants are liable under the FLSA for failing to properly compensate Plaintiff

13    and the Collective Class, and as such, notice should be sent to the Collective Class. There are

14    numerous similarly situated current and former employees of Defendants who have been denied

15    overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised

16    notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly

17    situated employees are known to Defendants and are readily identifiable through Defendants'

18    records.

19    **CLASS ALLEGATIONS**

20        22.    Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil

21    Procedure 23 on behalf of the following defined class:

22        **Proposed Class**:    All employees of Defendant United Auto Credit Corporation who

23        were, are, or will be employed in the State of California as

24        "Assistant Managers," "Collections Supervisors," and/or "Senior

25        Collectors," at any time within four years of the filing of this

26        Complaint until the final disposition of this case.

27        23.    Numerosity:    The Proposed Class is so numerous that joinder of all members is

28    impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the

5

1  relevant time period, Defendants employed hundreds of people who satisfy the definition of the

2  Proposed Class.

3       24.   Typicality:    The Plaintiffs' claims are typical of the members of the Proposed

4  Class.   Plaintiffs are informed and believe that, like other Assistant Managers, Collections

5  Supervisors, and Senior Collectors they routinely worked more than 40 hours per week, and more

6  than 8 hours per day, during the Class Period.  Plaintiffs had the same duties and responsibilities

7  as other Class members.  Plaintiffs were subject to Defendants' policy and practice of improperly

8  treating and classifying employees in these positions as "exempt" from federal and state wage and

9  hour laws, failing to pay appropriate overtime compensation, failing to pay waiting time

10 penalties, failing to provide meal and rest breaks, and failing to maintain accurate time records of

11 hours worked by the Proposed Class.

12      25.   Superiority:    A class action is superior to other available methods for the fair and

13 efficient adjudication of the controversy, particularly in the context of wage and hour litigation

14 where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits

15 in federal court against a large corporate Defendant.

16      26.   Adequacy:    Plaintiffs will fairly and adequately protect the interests of the

17 Proposed Class, and has retained counsel experienced in complex wage and hour class and

18 collective action litigation.

19      27.   Commonality: Common questions of law and fact exist to all members of the

20 Proposed Class and predominate over any questions solely affecting individual members of the

21 Proposed Class, including but not limited to:

22           A.   Whether improperly labeled and treated the members of the Proposed Class

23                as exempt;

24           B.   Whether Defendants unlawfully failed to pay appropriate overtime

25                compensation to members of the Proposed Class in violation of the

26                California Labor Code §§ 510 and 1194, California Industrial Wage Order

27                No. 4 (8 C.C.R. § 1140, as amended throughout the Class Period), and the

28                FLSA;

6

C.   Whether Defendants employed Plaintiffs and the Proposed Class within the meaning of the California law;

D.   Whether Plaintiffs and the Proposed Class members who are no longer employed with Defendants are entitled to waiting time penalties pursuant to California Labor Code § 203;

E.   Whether Defendants' policies and practices provide and/or authorize meal and rest periods;

F.   Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiffs and the Proposed Class in violation of FLSA, 29 U.S.C. § 201 *et seq.*;

G.   Whether Defendants provided adequate itemized wage statements to the Plaintiffs and the Class pursuant to Labor Code § 226;

H.   Whether Defendants' conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq.* by violating state and federal law as set forth herein;

I.   The proper measure of damages sustained by the Proposed Class; and

J.   Whether Defendants' actions were "willful."

28.   This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

29.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed Class the overtime pay to which

1  they are entitled. The damages suffered by the individual Proposed Class members are small

2  compared to the expense and burden of individual prosecution of this litigation. In addition, class

3  certification is superior because it will obviate the need for unduly duplicative litigation that

4  might result in inconsistent judgments about Defendant's practices.

5    30.    Plaintiffs intend to send notice to all members of the Proposed Class to the extent

6  required by Rule 23. The names and address of the Proposed Class are available from

7  Defendants.

8  ## FIRST CLAIM FOR RELIEF

9  **(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

10    31.    Plaintiffs allege and incorporate by reference the allegations in the preceding

11  paragraphs.

12    32.    Plaintiffs consent in writing to be a part of this action, pursuant to 29 U.S.C. §

13  216(b). The named Plaintiffs' and thirteen (13) opt-in Plaintiffs' written consent forms are

14  attached hereto as Exhibit A. As this case proceeds, it is likely that other individuals will sign

15  consent forms and join as plaintiffs.

16    33.    At all relevant times, Defendants has been, and continues to be, an "employer"

17  engaged in interstate commerce and/or in the production of goods for commerce, within the

18  meaning of the FLSA, 20 U.S.C. § 203. At all relevant times, Defendants have employed and

19  continues to employ employees, including Plaintiffs, and the Proposed Class. At all relevant

20  times, upon information and belief Defendant United Auto Credit Corporation has had gross

21  operating revenues in excess of $500,000.00.

22    34.    The FLSA requires each covered employer such as Defendants to compensate all

23  non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for

24  work performed in excess of forty hours per work week.

25    35.    During their employment with Defendants, within the applicable statute of

26  limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per

27  workweek without overtime compensation. Despite the hours worked by Plaintiffs and the

28

1   Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the

2   Federal Fair Labor Standards Act, failed and refused to pay them overtime compensation.

3        36.    By failing to accurately record, report, and/or preserve records of hours worked by

4   Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records

5   with respect to each of its employees sufficient to determine their wages, hours, and other

6   conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

7        37.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA,

8   within the meaning of 29 U.S.C. § 255(a).

9        38.    Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the

10  amount of their respective unpaid overtime compensation, liquidated damages from three years

11  immediately preceding the filing of this action, plus interests and costs as allowed by law,

12  pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court

13  deems just and proper.

14       39.    Plaintiffs, on behalf of themselves and the Collective Class, seek recovery of their

15  attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

16                          **SECOND CLAIM FOR RELIEF**

17       **(Failure to Pay Overtime Compensation in Violation of California Law)**

18       40.    Plaintiffs allege and incorporate by reference the allegations in the preceding

19  paragraphs.

20       41.    At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and

21  California Labor Code §510 requires an employer, such as Defendants, to pay overtime

22  premium(s) for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on

23  the seventh day worked in a single workweek. This premium increase to double-time for all

24  hours worked over twelve in a workday or eight on the seventh day worked in a single workweek.

25       42.    Plaintiffs are informed and believe, and thereon allege, that members of the Class

26  worked in excess of the maximum number of hours allowed by law without payment of the

27  applicable overtime premiums.

28       43.    Plaintiffs are informed and believe, and thereon allege, that Defendants unlawfully

9

1  failed to pay members of the Class the overtime required in violation of IWC Wage Order 4 (8

2  C.C.R. § 11040), and the California Labor Code §§ 510 and 1198.

3      44.   As a direct and proximate result of Defendants' unlawful conduct, as set forth

4  herein, Plaintiffs and the Class have sustained damages, including loss of earnings for hours of

5  overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment

6  interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

7  **THIRD CLAIM FOR RELIEF**

8  **(Waiting Time Penalties)**

9      45.   Plaintiffs allege and incorporate by reference the allegations in the preceding

10  paragraphs.

11      46.   During the relevant time period, many Class members were employed by and

12  thereafter terminated by or resigned from their positions with Defendants. Defendants, however,

13  did not pay such Class Members their overtime wages due upon their termination or within 72

14  hours of their resignation. Such non-payment was the direct and proximate refusal to do so by

15  Defendants.

16      47.   Under Labor Code §§ 201, 202, and 203, those Class Members who no longer

17  work for Defendants are also entitled to waiting time penalties for not having been paid overtime

18  compensation upon separation of their employment.

19  **FOURTH CLAIM FOR RELIEF**

20  **(Failure to Provide Accurate Itemized Wage Statements)**

21      48.   Plaintiffs allege and incorporate by reference the allegations in the preceding

22  paragraphs.

23      49.   Defendants knowingly and intentionally failed to provide timely, accurate,

24  itemized wage statements including, *inter alia*, hours worked, to Plaintiffs and the Class in

25  accordance with Labor Code § 226(a) and the IWC Wage Orders. Such failure caused injury to

26  Plaintiffs and the Class members, by, among other things, impeding them from knowing the

27  amount of wages to which they are and were entitled. At all times relevant herein, Defendants

28  have failed to maintain records of hours worked by Plaintiffs and the Class as required under

10

COLLECTIVE AND CLASS ACTION COMPLAINT

1  Labor Code § 1174(d).

2      50.    Plaintiffs and the Class are entitled to and seek injunctive relief requiring

3  Defendants to comply with Labor Code 226(a) and 1174(d), and further seek the amount provided

4  under Labor Code 226(e) and 1174.5, including the greater of all actual damages or fifty dollars

5  for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee

6  for each violation in a subsequent pay period.

7                          **FIFTH CLAIM FOR RELIEF**

8                  **(Failure to Provide Rest Breaks and Meal Periods)**

9      51.    Plaintiffs allege and incorporate by reference the allegations in the proceeding

10  paragraphs.

11      52.    California Labor Code § 226.7 prohibits any employer form requiring any

12  employee to work during any meal or rest period mandated by an applicable IWC wage order,

13  and provides that an employer which fails to provide an employee with a required rest break or

14  meal period shall pay that employee one additional hour of pay at the employee's regular rate of

15  compensation for each work day that the meal or rest period is not provided.

16      53.    Plaintiffs are informed, believe, and thereon allege, that during the Class Period,

17  members of the Class regularly worked in excess of five (5) hours a day without being afforded at

18  least one half-hour meal period in which they were relieved of all duty, as required by California

19  law.

20      54.    Plaintiffs are informed and believe, and thereon allege, that during the Class

21  Period, members of the Class worked in excess of ten (10) hours a day without being afforded

22  two (2) meal periods of at least one half-hour each in which there were relieved of all duty, as

23  required by California law.

24      55.    Plaintiffs are informed and believe, and thereon allege, that during the Class

25  Period, members of the Class routinely worked in excess of four (4) hours a day, or a major

26  portion thereof, without being afforded a 10-minute rest period as required by California law.

27      56.    Plaintiffs are informed and believe, and thereon allege, that during the Class

28  Period, members of the Class routinely worked in excess of eight (8) hours a day without being

11

1    afforded either both of the two (2) 10-minute rest periods as required by California law.

2        57.    Defendants' failure to provide Plaintiffs and the Class members with meal periods

3    required by law, and failure to authorize and permit Plaintiffs and Class members to take rest

4    periods required by law entitles Plaintiffs and the Class members to payment for additional wages

5    provided by law.

6                        **SIXTH CLAIM FOR RELIEF**

7                    **(Unfair Practice under the Unfair Competition Act)**

8        58.    Plaintiffs allege and incorporate by reference the allegations in the preceding

9    paragraphs.

10        59.    The foregoing conduct, as alleged, violates the California Unfair Competition Law

11   ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  Section 17200 of the Cal. Bus. & Prof. Code

12   prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or

13   practices.

14        60.    Beginning at a date unknown to Plaintiffs, Defendants committed, and continues to

15   commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in

16   the acts and practices described herein.  Defendants' conduct as herein alleged has injured the

17   Plaintiffs and the Class by wrongfully denying them earned wages, and therefore was

18   substantially injurious to the Plaintiffs and to the Class.

19        61.    Defendants' course of conduct, acts, and practices in violation of the California

20   laws mentioned in the above paragraph constitute a separate and independent violation of the

21   UCL.  Defendant's conduct described herein violates the policy or spirit of such laws or

22   otherwise significantly threatens or harms competition.

23        62.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs and the

24   Class Members are entitled to restitution of the overtime earnings and other unpaid wages alleged

25   herein that were withheld and retained by Defendants during a period that commences four years

26   prior to the filing of this action, a permanent injunction requiring Defendants to pay minimum

27   wage and overtime to all workers as defined herein, in California, an award of attorneys' fees

28   pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

**PRAYER FOR RELIEF**

63.    WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Proposed Class, pray for relief as follows:

A.    That the Court determine that this action may be maintained as a class action under Federal Rule of Civil Procedure 23;

B.    That Defendants are found to have violated the overtime provisions of the Labor Code and Wage Orders as to Plaintiffs and the Class;

C.    That Defendants are found to have violated the overtime provisions of the Federal Fair Labor Standards Act as to Plaintiffs and the Class;

D.    That Defendants are found to have violated §§ 201, 202, and 203 of the California Labor Code for willful failure to pay all compensation owed at the time of separation to Plaintiffs and the Class;

E.    That Defendants are found to have violated California Labor Code § 226 for willful failure to provide the semimonthly itemized statements to Plaintiffs and the Class;

F.    That Defendants are found to have violated the provisions of the Labor Code and Wage Orders regarding meal and rest periods;

G.    That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiffs and the Class;

H.    That Defendants' violations as described above are found to be willful;

I.    An award to Plaintiffs and the Class for the amount of unpaid wages owed, including interest thereon, and penalties subject to proof at trial;

J.    That Defendants be ordered and enjoined to pay restitution to Plaintiffs and the Class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§ 17200-05;

13

K.  That Defendants further be enjoined to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200;

L.  An award of reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5, Labor Code § 1194, 29 U.S.C. § 216 and/or other applicable law; and

M.  For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

64.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all others similarly situated, demand a trial by jury.



Dated: July 14, 2008                  NICHOLS KASTER & ANDERSON, LLP

                                      By:   s/ Matthew C. Helland
                                            Matthew C. Helland

                                      NICHOLS KASTER & ANDERSON, PLLP

                                      ATTORNEYS FOR PLAINTIFFS AND THE
                                      PUTATIVE CLASS

14

# EXHIBIT A

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

Signature _____   Date 6/26/08

Print Name: Jason Campbell

REDACTED

Fax, Mail or Email to:   Nichols Kaster & Anderson, PLLP
Attn: David C. Zoeller
4600 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: zoeller@nka.com
Web: www.overtimecases.com

REDACTED

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

Santiago M. Hernandez    7/9/08
Signature       Date

SANTIAGO M. HERNANDEZ
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn: David C. Zoeller
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: zoeller@nka.com
Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_Lisa Bennett_  6·30·08
Signature                      Date

_Lisa Bennett_
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn: David C. Zoeller
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: zoeller@nka.com
Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

Christal Delay   6/27/08
Signature                    Date

Christal Delay
Print Name

REDACTED

Fax, Mail or Email to:   Nichols Kaster & Anderson, PLLP
Attn: David C. Zoeller
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: zoeller@nka.com
Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

Signature _____    Date _____

Print Name    Kenneth R Williams

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn: David C. Zoeller
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: zoeller@nka.com
Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_____
Signature                          Date

_____
Print Name

REDACTED

Fax, Mail or Email to:     Nichols Kaster & Anderson, PLLP
                           Attn: David C. Zoeller
                           4600 IDS Center, 80 South Eighth Street,
                           Minneapolis, MN 55402-2242
                           Fax: (612) 215-6870
                           Toll Free Telephone: (877) 448-0492
                           Email: zoeller@nka.com
                           Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_____  6/28/8
Signature                          Date

Deanna Furnas
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn: David C. Zoeller
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: zoeller@nka.com
Web: www.overtimecases.com

REDACTED

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

*Jennifer Boggs*          6/30/08
Signature                          Date

*JENNIFER BOGGS*   AKA Jennifer Pope
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                          Attn: David C. Zoeller
                          4600 IDS Center, 80 South Eighth Street,
                          Minneapolis, MN 55402-2242
                          Fax: (612) 215-6870
                          Toll Free Telephone: (877) 448-0492
                          Email: zoeller@nka.com
                          Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

Signature _____ 7/2/08

Date

Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson
Attn: David C. Zoeller
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: zoeller@nka.com
Web: www.overtimecases.com

REDACTED

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_Angela M Jeffers_ 6/30/07
Signature                Date

_Angela M Jeffers_
Print Name

REDACTED

Fax, Mail or Email to:     Nichols Kaster & Anderson, PLLP
                           Attn: David C. Zoeller
                           4600 IDS Center, 80 South Eighth Street,
                           Minneapolis, MN 55402-2242
                           Fax: (612) 215-6870
                           Toll Free Telephone: (877) 448-0492
                           Email: zoeller@nka.com
                           Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_____    _____
Signature                          Date

_____
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                          Attn: David C. Zoeller
                          4600 IDS Center, 80 South Eighth Street,
                          Minneapolis, MN 55402-2242
                          Fax (612) 215-6870
                          Toll Free Telephone: (877) 448-0492
                          Email: zoeller@nka.com
                          Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_____   6-28-08
Signature                          Date

George R Ross Jr
Print Name

REDACTED

Fax, Mail or Email to:   Nichols Kaster & Anderson, PLLP
Attn: David C. Zoeller
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: zoeller@nka.com
Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_____   _____
Signature                          Date

_____
Print Name    JEFF HAYES

REDACTED

Fax, Mail or Email to:   Nichols Kaster & Anderson, PLLP
Attn: David C. Zoeller
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: zoeller@nka.com
Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_____         6/30/08
Signature                       Date

Eric Cox
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                          Attn: David C. Zoeller
                          4600 IDS Center, 80 South Eighth Street,
                          Minneapolis, MN 55402-2242
                          Fax: (612) 215-6870
                          Toll Free Telephone: (877) 448-0492
                          Email: zoeller@nka.com
                          Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_____  6-30-08
Signature                Date

DEMERRIO GRIFFIN
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                          Attn: David C. Zoeller
                          4600 IDS Center, 80 South Eighth Street,
                          Minneapolis, MN 55402-2242
                          Fax: (612) 215-6870
                          Toll Free Telephone: (877) 448-0492
                          Email: zoeller@nka.com
                          Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

Signature _____ Date 6/30/08

Print Name _Alvan Allen Jr._

REDACTED

Fax, Mail or Email to:      Nichols Kaster & Anderson, PLLP
                            Attn: David C. Zoeller
                            4600 IDS Center, 80 South Eighth Street,
                            Minneapolis, MN 55402-2242
                            Fax: (612) 215-6870
                            Toll Free Telephone: (877) 448-0492
                            Email: zoeller@nka.com
                            Web: www.overtimecases.com

REDACTED

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_Oiandre L. James_  6/30/08
Signature                          Date

REDACTED

Fax, Mail or Email to:   Nichols Kaster & Anderson, PLLP
Attn: David C. Zoeller
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: zoeller@nka.com
Web: www.overtimecases.com

REDACTED

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_____    7.208
Signature                          Date

_____
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
                          Attn: David C. Zoeller
                          4600 IDS Center, 80 South Eighth Street,
                          Minneapolis, MN 55402-2242
                          Fax: (612) 215-6870
                          Toll Free Telephone: (877) 448-0492
                          Email: zoeller@nka.com
                          Web: www.overtimecases.com

# UNITED AUTO CREDIT CORPORATION

## PLAINTIFF CONSENT FORM

I hereby consent to join the action against United Auto Credit Corp. (UACC) as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against UACC. During the past three years, there were occasions when I worked over 40 hours per week as an Assistant Manager, Operations Manager, Collections Supervisor/Senior Collector, or an Administrative Supervisor/Customer Service Supervisor and did not receive overtime compensation.

_Scott D Koch_     _7/4/08_
Signature            Date

_Scott D Koch_
Print Name

REDACTED

Fax, Mail or Email to:    Nichols Kaster & Anderson, PLLP
Attn: David C. Zoeller
4600 IDS Center, 80 South Eighth Street,
Minneapolis, MN 55402-2242
Fax: (612) 215-6870
Toll Free Telephone: (877) 448-0492
Email: zoeller@nka.com
Web: www.overtimecases.com