FERMIN H. LLAGUNO, Bar No. 185222
D. CHAD ANDERTON, Bar No. 199922
MARIA R. HARRINGTON, Bar No. 201901
LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA  92614
Telephone:  949.705.3000
Facsimile:  949.724.1201
Email:  fllaguno@littler.com
canderton@littler.com
mharrington@littler.com

Attorneys for Defendant
UNITED AUTO CREDIT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Santiago Hernandez, Jason Campbell, Lisa Bennett, Michael Byrd, Kenneth Williams, and Christal Delay, individually, on behalf of all others similarly situated, and on behalf of the general public<br><br>Plaintiffs,<br><br>v.<br><br>United Auto Credit Corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  C08 03404 RMW<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

(NO. C08 03404 RMW)
FIRMWIDE:86399566.4 060715.1000

DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' COMPLAINT

1      Defendant United Auto Credit Corporation ("Defendant" and together with Plaintiffs, the "Parties") hereby provides its Answer and Affirmative Defenses as follows:

   1.   Defendant United Auto Credit Corporation ("Defendant") admits that Plaintiffs purport to bring their claims as a collective and class action. Defendant admits that the name Plaintiffs were employed at some time on or after July 15, 2005, or are employed by Defendant as Assistant Branch Managers, Collections Supervisors or Senior Account Representatives. Plaintiff incorrectly refers to Assistant Branch Managers as Assistant Managers and incorrectly refers to Senior Account Representatives as Senior Collectors. Heretofore, Defendant will refer to the positions as Assistant Branch Manager and Senior Account Representative respectively. Defendant denies that this action is appropriately maintained as a collective action, class action or any other kind of action. Defendant denies the remaining allegations contained in Paragraph 1 of the Class Action Complaint For Damages, Restitution and Injunctive Relief ("Complaint").

   2.   Defendant admits that Plaintiffs purport a collective class made up of all persons who are or have been employed by Defendant as Assistant Branch Managers, Collections Supervisors and Senior Account Representatives, at any time on or after July 15, 2005, through the final disposition of this litigation. Defendant denies that this action is appropriately maintained as a collective action, class action or any other kind of action. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

   3.   Defendant admits that Plaintiffs purport a class made up of all persons who are or have been employed by Defendant as Assistant Branch Managers, Collections Supervisors and Senior Account Representatives, at any time on or after July 15, 2004. Defendant denies that this action is appropriately maintained as a collective action, class action or any other kind of action. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

   4.   Defendant denies the allegations contained in Paragraph 4 of the Complaint.

   5.   Defendant admits that Plaintiff Santiago Hernandez was employed by Defendant from November 2005 to April 2006 as a Senior Account Representative in Defendant's San Jose, California (Santa Clara County) office. Defendant lacks knowledge or information sufficient to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(NO. C08 03404 RMW )
FIRMWIDE:86399566.4 060715.1000      2.      DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

1  form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 of the
2  Complaint.

3      6.    Defendant admits that Plaintiff Jason Campbell was employed by Defendant from
4  approximately July 2007 to May 2008 as an Assistant Branch Manager in Defendant's Redlands,
5  California (San Bernardino County) office.  Defendant lacks knowledge or information sufficient to
6  form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of the
7  Complaint.

8      7.    Defendant admits that Plaintiff Lisa Bennett was employed by Defendant from
9  approximately April 2006 to February 2008 as a Customer Service Supervisor, Account
10 Representative and Collections Supervisor in Riverside, California (Riverside County).  Defendant
11 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining
12 allegations contained in Paragraph 7 of the Complaint.

13     8.    Defendant admits that Plaintiff Kenneth Williams was employed by Defendant from
14 approximately December 2005 to March 2007 as an Assistant Branch Manager in Defendant's
15 Hanover, Maryland office.  Defendant lacks knowledge or information sufficient to form a belief as
16 to the truth or falsity of the remaining allegations contained in Paragraph 8 of the Complaint.

17     9.    Defendant admits that Plaintiff Michael Byrd was employed by Defendant from
18 approximately June 2005 to March 2008 as a Senior Account Representative and a Collections
19 Supervisor in Defendant's Marlboro, Massachusetts office.  Defendant lacks knowledge or
20 information sufficient to form a belief as to the truth or falsity of the remaining allegations contained
21 in Paragraph 9 of the Complaint.

22     10.    Defendant admits that Plaintiff Christal Delay was employed by Defendant from
23 approximately January 2002 to May 2008 as a Customer Service Representative, Customer Service
24 Supervisor, Assistant Branch Manager and Branch Manager in Defendant's Overland Park, Kansas
25 and Gladstone, Missouri offices.  Defendant lacks knowledge or information sufficient to form a
26 belief as to the truth or falsity of the remaining allegations contained in Paragraph 10 of the
27 Complaint.

28     11.    Defendant admits the allegations contained in Paragraph 11 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(NO. C08 03404 RMW )
FIRMWIDE:86399566.4 060715.1000

3.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

1     12.   Defendant admits that Plaintiff purports the existence of Doe Defendants 1-50 and
2 that the true names and capacities of same are unknown to Plaintiffs. Defendant lacks knowledge or
3 information sufficient to form a belief as to the truth or falsity of the remaining allegations contained
4 in Paragraph 12 of the Complaint.

5     13.   Defendant lacks knowledge or information sufficient to form a belief as to the truth or
6 falsity of the allegations contained in Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

8     14.   Defendant admits the allegations contained in Paragraph 14 of the Complaint.

9     15.   Defendant admits that it resides in the Northern District of California. Defendant
10 lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining
11 allegations contained in Paragraph 15.

## COLLECTIVE ACTION ALLEGATIONS

13     16.   Defendant admits that Plaintiffs purport to bring their claims as a collective action
14 pursuant to 29 U.S.C. Section 216(b) and that Plaintiffs purport that the collective class should be
15 defined as stated in paragraph 16 of the Complaint. Defendant denies that this action is
16 appropriately maintained as a collective action, class action or any other kind of action. Defendant
17 denies the remaining allegations contained in Paragraph 16 of the Complaint.

18     17.   Defendant denies the allegations in paragraph 17 of the Complaint.
19     18.   Defendant denies the allegations in paragraph 18 of the Complaint.
20     19.   Defendant denies the allegations in paragraph 19 of the Complaint.
21     20.   Defendant denies the allegations in paragraph 20 of the Complaint.
22     21.   Defendant denies the allegations in paragraph 21 of the Complaint.

## CLASS ALLEGATIONS

24     22.   Defendant admits that Plaintiffs purport to bring their claims as a class action
25 pursuant to Federal Rule of Civil Procedure 23 and that Plaintiffs purport that the alleged class
26 should be defined as stated in paragraph 22 of the Complaint. Defendant denies that this action is
27 appropriately maintained as a collective action, class action or any other kind of action. Defendant
28 denies the remaining allegations contained in Paragraph 16 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(NO. C08 03404 RMW )
FIRMWIDE:86399566.4 060715.1000      4.      DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

1  23. Defendant denies the allegations in paragraph 23 of the Complaint.

2  24. Defendant denies the allegations in paragraph 24 of the Complaint.

3  25. Defendant denies the allegations in paragraph 25 of the Complaint.

4  26. Defendant denies the allegations in paragraph 26 of the Complaint.

5  27. Defendant denies the allegations in paragraph 27 of the Complaint.

6  28. Defendant denies the allegations in paragraph 28 of the Complaint.

7  29. Defendant denies the allegations in paragraph 29 of the Complaint.

8  30. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs intend to send notice to all members of the Proposed Class to the extent required by Rule 23. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act)**

31. Defendant hereby incorporates by reference its answers to Paragraphs 1 through 30 above.

32. Defendant admits that the named Plaintiffs' and thirteen (13) opt-in Plaintiffs' written consent forms are attached to the Complaint as Exhibit A and that Plaintiffs have consented in writing to be part of the action pursuant to 29 U.S.C. Section 216(b). Defendant lacks knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 32 of the Complaint

33. The allegations in Paragraph 33 call for a legal conclusion, and therefore a response is not required. Further, Defendant denies that it has employed and continues to employ all of the Plaintiffs and the Proposed Class. Defendant also denies that a class, collective or any action is appropriate here. Defendant admits the remaining allegations in Paragraph 33 of the Complaint.

34. The allegations in Paragraph 34 call for a legal conclusion, and therefore a response is not required.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(NO. C08 03404 RMW )
FIRMWIDE:86399566.4 060715.1000

5.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

1  37.  Defendant denies the allegations contained in Paragraph 37 of the Complaint.

2  38.  Defendant denies the allegations contained in Paragraph 38 of the Complaint.

3  39.  Defendant denies the allegations contained in Paragraph 39 of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Overtime Compensation in Violation of California Law)**

6  40.  Defendant incorporates by reference its answers set forth in Paragraphs 1 through 39 above.

8  41.  The allegations in Paragraph 41 call for a legal conclusion, and therefore a response is not required.

10 42.  Defendant denies the allegations contained in Paragraph 42 of the Complaint.

11 43.  Defendant denies the allegations contained in Paragraph 43 of the Complaint.

12 44.  Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## THIRD CLAIM FOR RELIEF

**(Waiting Time Penalties)**

15 45.  Defendant incorporates herein its answers to Paragraphs 1 through 44 as set forth above.

17 46.  Defendant denies the allegations contained in Paragraph 46 of the Complaint.

18 47.  Defendant denies the allegations contained in Paragraph 47 of the Complaint.

## FOURTH CLAIM FOR RELIEF

**(Failure to Provide Accurate Itemized Wage Statements)**

21 48.  Defendant incorporates herein its answers to Paragraphs 1 through 47 as set forth above.

23 49.  Defendant denies the allegations contained in Paragraph 49 of the Complaint.

24 50.  Defendant denies the allegations contained in Paragraph 50 of the Complaint.

## FIFTH CLAIM FOR RELIEF

**(Failure to Provide Rest Breaks and Meal Periods)**

27 51.  Defendant incorporates herein its answers to Paragraphs 1 through 50 as set forth above.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(NO. C08 03404 RMW )
FIRMWIDE:86399566.4 060715.1000

6.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

1     52.     The allegations in Paragraph 52 call for a legal conclusion, and therefore a response is not required.

3     53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

4     54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

5     55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

6     56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

7     57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### (Unfair Practice Under the Unfair Competition Act)

58.     Defendant incorporates herein its answers to Paragraphs 1 through 57 as set forth above.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

## DEMAND FOR JURY TRIAL

64.     Defendant admits that Plaintiffs demand a jury trial. Defendant denies that a class, collective or any other action against it is appropriate.

Defendant denies each and every allegation set forth in Plaintiffs' Complaint that has not been expressly admitted as true.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs' claims are barred to the extent that they have failed to comply with the applicable statute of limitations period, including without limitation California Code of Civil

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(NO. C08 03404 RMW )
FIRMWIDE:86399566.4 060715.1000

7.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Procedure Sections 338(a) and 340(a), California Business & Professions Code Section 17208, and Title 29 United States Code ("FLSA") Section 255.

### THIRD AFFIRMATIVE DEFENSE

3.  Plaintiffs' claims are barred to the extent Plaintiffs lack standing to bring suit.

### FOURTH AFFIRMATIVE DEFENSE

4.  At all material times, Defendant acted in a good faith belief that it was in compliance with all applicable statutes, laws, and regulations concerning payment of wages and any other compensation owed to Plaintiffs. Defendant did not willfully violate the FLSA, the California Labor Code, the Unfair Competition Act, or any other law. Plaintiffs, therefore, are not entitled to liquidated damages.

### FIFTH AFFIRMATIVE DEFENSE

5.  At no time did Defendant pay Plaintiffs in a manner known or believed to violate any applicable statutory requirement, nor did Defendant compensate Plaintiffs in willful disregard of any applicable statutory requirements. Defendant's actions were in good faith and made in conformity with, and reliance upon, the Administrator of the Wage and Hour Division of the Department of Labor's administrative regulations, orders, rulings or interpretations, or judicial interpretations of the law.

### SIXTH AFFIRMATIVE DEFENSE

6.  To the extent Plaintiffs entered into agreements to submit all claims against Defendant to arbitration, Plaintiffs' claims cannot be maintained because Plaintiffs have failed to pursue and have repudiated their arbitration remedies by filing the instant action.

### SEVENTH AFFIRMATIVE DEFENSE

7.  At all material times, Defendant paid Plaintiff all sums of money to which Plaintiffs were entitled as employees. Plaintiffs' claims fail because Defendant has paid Plaintiffs all amounts allegedly due and owing.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiffs' claims are barred because Plaintiffs and the class they purport to represent are exempt from the minimum wage and overtime pay provisions of the FLSA.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(NO. C08 03404 RMW )
FIRMWIDE:86399566.4 060715.1000

8.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs have not and cannot satisfy the requirements for proceeding in a collective action under the applicable law.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs' allegations that the complaint is appropriate for certification as a collective action pursuant to 29 U.S.C. § 216(b) are without basis and should be stricken because: 1) there are no "similarly situated individuals"; and 2) consideration of the exempt status of Plaintiffs and other Assistant Managers, Collections Supervisors and Senior Collectors requires an individual fact-specific inquiry into the day to day duties of each such individual, making such certification inappropriate.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff fails to satisfy the prerequisites for the maintenance of a class action, as set forth in Federal Rules of Civil Procedure 23, and maintenance of a Rule 23 class action would violate absent class members' substantive rights under the FLSA and California law; therefore, this action may not be maintained as a class action and Plaintiffs cannot sue as representatives of the class.

### TWELFTH AFFIRMATIVE DEFENSE

12. There being no proper class representative, the entire complaint for class action relief must be dismissed.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiffs' claims are barred in accordance with the equitable doctrines of waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs were paid pursuant to a legitimate and lawful pay procedure of which they were made fully aware and of which they and Defendant had a clear and mutual understanding.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiffs' claims cannot be maintained to the extent Plaintiffs entered into agreements to submit all claims against Defendant to binding arbitration.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(NO. C08 03404 RMW )
FIRMWIDE:86399566.4 060715.1000

9.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiffs' claims are barred in accordance with the equitable doctrines of estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiffs' claims are barred to the extent the Plaintiffs have executed a legally enforceable compromise and release of any claim asserted in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiffs' claims are barred because there exists a bona fide dispute as to whether further compensation is actually due to Plaintiffs and, if so, as to the amount of such further compensation.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. To the extent Plaintiffs are entitled to any additional compensation, and Defendant denies that they are entitled to additional compensation, such additional compensation must be offset by the amount of any compensation and/or other monies Plaintiffs received from Defendant, at any time, in excess of the amount of compensation to which they were legally entitled for work performed.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiffs lack standing to bring this action for, and the court lacks jurisdiction to award, certain of the penalties sought in the Complaint, as such penalties may only be imposed in a proceeding brought by the California Labor Commissioner

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiffs are barred from collecting meal period penalties to the extent they took an off-duty meal period of at least thirty (30) minutes duration at the appropriate times, and any interruption during said meal period was "de minimus," and to the extent Plaintiffs opted to waive such a meal period.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. Plaintiffs are barred from collecting rest period penalties to the extent they took a rest period of at least thirty (10) minutes duration at the appropriate times, and any interruption during said rest period was "de minimus," and to the extent Plaintiffs opted to waive such a rest period.

(NO. C08 03404 RMW )
FIRMWIDE:86399566.4 060715.1000

10.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiffs' claims cannot be maintained against Defendant because if Defendant's employees (including Plaintiffs) took the actions alleged, such actions were (1) not required by or incident to an employee's duties with Defendant, and (2) could not reasonably have been foreseen.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. To the extent that Plaintiffs seek to recover waiting time and other statutory penalties, Plaintiffs have failed to state a claim for such penalties because even assuming that Plaintiffs are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiffs and they never made a demand for such additional compensation.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiffs' claims are barred because Plaintiffs were at all times exempt administrative, managerial, and/or executive employees not entitled to overtime compensation under applicable California or federal law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiffs' claims are barred because any failure on the Plaintiffs' part to meet the criteria of exempt administrative, managerial, and/or executive employee status was the result of Plaintiffs' own exercise of discretion and judgment.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiffs' claims are barred because, to the extent that Plaintiffs seek to recover equitable relief, Plaintiffs are not entitled to such relief because they have an adequate remedy at law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiffs' claims are barred because Plaintiffs and the putative class members, or some of them, have failed to take reasonable steps to mitigate their damages, if any.

Defendant reserves the right to assert additional affirmative defenses in the event additional persons become Plaintiffs in this lawsuit, and/or as may be appropriate in connection with facts obtained through discovery.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(NO. C08 03404 RMW )
FIRMWIDE:86399566.4 060715.1000

11.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays for relief as follows:

1. That Plaintiffs take nothing and that the Complaint be dismissed in its entirety with prejudice;

2. That judgment be entered in Defendant's favor;

3. That Defendant be awarded its attorneys' fees and costs of suit herein (to the extent permitted under applicable law including California Labor Code Section 218.5); and

4. That Defendant be awarded such other, further relief as the Court deems just and proper.

Dated: August 29, 2008

/s/
MARIA R. HARRINGTON
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
UNITED AUTO CREDIT CORPORATION

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(NO. C08 03404 RMW )
FIRMWIDE:86399566.4 060715.1000

12.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

## PROOF OF SERVICE BY MAIL

I am employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2050 Main Street, Suite 900, Irvine, California 92614. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 29, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

in a sealed envelope, postage fully paid, addressed as follows:

Michele R. Fisher
Nicholas Kaster & Anderson PLLP
4600 IDS Center
80 South 8th St.
Minneapolis, MN 55402

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 29, 2008, at Irvine, California.

*/s/ Jeannine R. Watson*
Jeannine R. Watson

---

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

(NO. C08 03404 RMW)
FIRMWIDE:86399566.4 060715.1000

13.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT